IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROBERT LEE PAYNE, III**                                                                 **PLAINTIFF**
Reg. #32548-009

v.                                  No: 4:24-cv-00278-BSM-PSH

**TAMMY LANGLEY,** *et al.*                                                          **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Robert Lee Payne, III filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on March 26, 2024, while incarcerated at the Gilmer Federal Correctional Institution ("Gilmer FCI") (Doc. No. 1). The Court granted Payne *in forma pauperis* status (Doc. No. 4). The Court has screened Payne's complaint and finds that he does not describe facts sufficient to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. A *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), and the Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful, fantastic, and delusional).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Payne sues Nurse Tammy Langley and Turn Key Health ("Turn Key") for medical neglect based on treatment he received by Langley at the Pulaski County Regional Detention Facility on July 22, 2022.[1]  Doc. No. 1 at 1 & 3. Specifically, he alleges:

> On 7-22-22 at about 11 o'clock a.m. at the Pulaski County Regional Detention Facility, I (Robert Payne) was in a[n] altercation with another inmate, and the other inmate bit my finger off. When the medical staff at the jail responded to the incident, Nurse Tammy Langley (LPN) (Turn Key Health) solicited a carton of milk from another inmate and put my detached finger inside the carton of milk. I was then transported, along with my detached finger still in the carton of milk, by (MEMS) ambulance to the UAMS (University of Arkansas Medical Science) hospital. Once at the hospital the orthopedic surgeon informed me that my finger could not be re-attached because it was in milk. The milk damaged my detached finger, so I want to sue Nurse Tammy Langley and Turnkey Health for medical neglect.

---

[1] Payne is currently incarcerated in federal prison. In a letter attached to his complaint, he states that he requests paperwork for a Bivens claim so that he may file a medical tort claim against Langley and Turn Key Health. *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) ("*Bivens*") holds that federal prisoners may bring certain civil rights lawsuits for damages against *federal officials*. Because Payne does not attempt to sue federal officials, he may not pursue a *Bivens* claim. Further, to the extent that Payne attempts to state a claim for medical negligence under Arkansas law, this Court should not exercise supplemental jurisdiction over those state law claims. *See Condor Corp. v. City of St. Paul,* 912 F.2d 215, 220 (8th Cir. 1990) ("The judicial resources of the federal courts are sparse compared to the states. We stress the need to exercise judicial restraint and avoid state law issues wherever possible.").

*Id.* at 1.

Payne previously sued Langley based on this incident, and his claim was dismissed with prejudice. *See Payne v. Langley,* Case No. 4:22-cv-00805-BRW at Doc. Nos. 35-37. In that case, United States Magistrate Judge Jerome T. Kearney reviewed Payne's medical records and concluded that Langley's decision to place Payne's fingertip in milk "may well have been a poor decision, negligent. But Plaintiff has not come forward with evidence establishing that Defendant Langley ignored Plaintiff's severed finger or the risk that it could not be reattached." *Id.* at Doc. No. 35, pp. 6-7. He therefore recommended that Langley be granted summary judgment, and his recommendation was subsequently adopted by United States District Judge Billy Roy Wilson. *Id.* at Doc. No. 36. Because that claim was decided on the merits and dismissed with prejudice, Payne may not litigate it again. *See In re Anderberg-Lund Printing Co.*, 109 F.3d 1343, 1346 (8th Cir. 1997) ("Claim preclusion will bar a subsequent suit when: '(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same cause of action; and (4) both suits involved the same parties or their privies.'" (quoting *Lovell v. Mixon,* 719 F.2d 1373, 1376 (8th Cir. 1983)).

Furthermore, as Judge Kearney previously found, Payne's claims relating to Langley's placement of his finger in milk fail as a matter of law because they sound in negligence, which is not actionable under § 1983. *See Crow v. Montgomery*, 403

F.3d 598, 602 (8th Cir. 2005) (explaining that intentional conduct, rather than negligence, is required to sustain a § 1983 claim under both the Eighth Amendment and the Fourteenth Amendment applicable to pre-trial detainees); *see also Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998) ( . . . "'deliberate indifference includes something more than negligence but less than actual intent to harm'; it requires proof of a reckless disregard of the known risk.") (quoting *Newman v. Holmes,* 122 F.3d 650, 653 (8th Cir. 1997)).

In this case, Payne also adds a new defendant: Turn Key, Langley's employer. A corporation acting under color of state law cannot be held liable on a theory of *respondeat superior*, but may be held liable only for its own unconstitutional policies. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002). That means that Turn Key can be held liable in this case only if "there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (quoting *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-976 (8th Cir. 1993)). A "policy," for purposes of § 1983, is "an official policy, a deliberate choice of a guiding principle or procedure made by an official with authority." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). "Custom" means a "persistent, widespread pattern of unconstitutional conduct of which officials have notice and subsequently react with deliberate indifference or tacit authorization." *Johnson v. Outboard Marine Corp.*, 172 F.3d

531, 536 (8th Cir. 1999).  In this case, Payne has not included any allegations about a Turn Key policy, custom, or official action that contributed to his injuries.  He has not alleged a "widespread pattern of unconstitutional conduct"; nor has he alleged that Turn Key officials were notified of widespread unconstitutional conduct but failed to act.  Therefore, Payne's claims against Turn Key should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

For these reasons, this case should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III.  Conclusion

It is therefore recommended that:

1. Payne's claims be dismissed without prejudice.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 9th day of May, 2024.

_____
UNITED STATES MAGISTRATE JUDGE